858 A.2d 1132

IN THE MATTER OF JOHN A. TUNNEY, AN ATTORNEY
AT LAW (ATTORNEY NO. 044251987).

October 1, 2004.

# ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–350, concluding that **JOHN A. TUNNEY** of **WOODBRIDGE**, who was admitted to the bar of this State in 1987, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.4(b) (failure to explain matter to extent reasonably necessary to permit informed decisions by client), *RPC* 1.15(b) (failure to promptly notify client of receipt of funds), *RPC* 1.16(d) (on termination of representation, failure to take steps to protect client's interests), *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of the tribunal), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should submit proof of his mental fitness to practice law and that on reinstatement, he should practice under supervision;

And **JOHN A. TUNNEY** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined that a six-month suspension is the appropriate discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **JOHN A. TUNNEY** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective October 29, 2004; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice law as a sole practitioner and that for a period of two years and until the further Order of the Court he shall be supervised in this practice by a practicing attorney approved by the Office of Attorney Ethics, who shall not be respondent's law partner or otherwise associated with respondent in practice; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.